**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| SHELLY K. MALICOAT,<br><br>Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 25-03387-CV-S-BP |

**ORDER AND OPINION AFFIRMING COMMISSIONER'S FINAL DECISION DENYING BENEFITS**

Pending is Plaintiff's appeal of the Commissioner of Social Security's decision denying her application for disability benefits. For the following reasons, the Commissioner's decision is **AFFIRMED**.

## I. BACKGROUND

Plaintiff was born in September 1966, has a high school education, and has prior work experience as an accounting clerk. She filed her application for benefits in September 2023, alleging she became disabled in June 2023. The ALJ found Plaintiff's severe impairments consist of degenerative joint disease in her knees and obesity. (R. at 19.) He also found she suffers from several non-severe impairments, including (as relevant here) depressive disorder and anxiety disorder. (R. at 20.) The ALJ then determined Plaintiff retains the residual functional capacity ("RFC") to perform sedentary work (with limitations that are not relevant here). Based on testimony from a vocational expert, the ALJ found that Plaintiff could return to her past work as an accounting clerk. (R. at 25.)

Plaintiff argues the ALJ erred when he (1) discounted the Medical Source Statement submitted by Nurse Practitioner Laura Clark and (2) relied on the opinions of state agency

consultants to formulate her RFC. The Commissioner contends there was no error, and the Court resolves the parties' arguments below.

## **II. DISCUSSION**

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole." *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. *E.g., Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. . . . As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002) (citations omitted).

### **A. Laura Clark**

Plaintiff's first assertion of error is based on a Medical Source Statement – Mental ("MSS") completed by Nurse Laura Clark. (R. at 473-75.) On the first page, Nurse Clark described Plaintiff's physical conditions related to her knees and the treatment she was receiving. (R. at 473.) However, consistent with the fact that the form's title indicates it reflects a person's mental conditions, the opinions about Plaintiff's functional capacity relate to her ability to maintain concentration, persistence, pace, and other factors that typically relate to mental conditions. (R. at 474.)[1] The ALJ found this MSS unpersuasive because "Nurse Clark did not support her

[1] In her Reply Suggestions, Plaintiff contends the MSS is "solely related to [her] physical functioning." (Doc. 10, p. 3.) As described above, this is not accurate. There are no physical limitations listed.

assessment with reference to her treatment records. Her assessment is not consistent with other records in evidence[.]" (R. at 24.)

In arguing that the ALJ erred, Plaintiff focuses on medical records related to her knees. (Doc. 6, pp. 7-10.) But as explained above, Clark's MSS does not describe any limitations related to Plaintiff's knees, and Plaintiff does not explain how the treatment notes support the limitations reflected in the MSS. Thus, the Court discerns no error in the ALJ's analysis.

## **B. The RFC Determination**

In formulating Plaintiff's RFC, the ALJ relied on the opinions of state agency consultants from May and July 2024. (R. at 24.) Plaintiff does not contend that relying on state agency consultants is itself an error; instead, she argues that those opinions could not serve as substantial evidence because they were rendered without the benefit of medical evidence created after July 2024.

The Court has reviewed the additional records cited by Plaintiff and concludes there was no error because the information they contain is not significantly different from the information that was previously available. (*See* R. at 449, 482-87, 490-91.) Plaintiff points to an x-ray from July 31, 2024 (a few weeks after the last state consultant's opinion), which described the following findings:

> Images of both knees were obtained. There is no evidence of an acute fracture or dislocation. There are advanced degenerative changes affecting both knees with the medial compartments having a bone-on-bone appearance. There is a small chronic appearing foreign body overlying the right lateral femoral condyle. There are suspected joint effusions.

(R. at 491.) She focuses on the report's reference to a "bone-on-bone appearance," but even though Plaintiff saw health care providers after July 2024, nothing in the Record suggests the results from the July 2024 x-ray would limit her to less than sedentary work. Moreover, the ALJ cited evidence

from around the time of that x-ray (and after) regarding Plaintiff's activities and statements to medical providers which suggest Plaintiff can function at the sedentary level. (*See* R. at 22-23.) There is no basis for reversal.

## III. CONCLUSION

For the reasons stated above, the Commissioner's final decision denying benefits is **AFFIRMED**.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT

**DATE**: September 28, 2026